## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

_____

RONALD SCHREIBER d/b/a
SCHREIBER AUTOMOTIVE,

              Plaintiff,              DECISION AND ORDER
                                                05-CV-6157 CJS

vs.

TIRE CENTERS, L.L.C.,

              Defendant.

_____

### APPEARANCES

For the Plaintiff:                Keith R. Lord, Esq.
                                            174 Main Street
                                            Phelps, NY 14532
                                            Tel: (315) 548-9211

For the Defendant:              Jacqueline R. Dungee, Esq.
                                            DLA Piper Rudnick Gray Cary US LLP
                                            One Liberty Place
                                            1650 Market Street
                                            Suite 4900
                                            Philadelphia, PA 19103

### INTRODUCTION

     This diversity action is before the Court on defendant's motion to dismiss three of the four causes of action in the complaint. For the reasons stated below, the motion is granted.

**BACKGROUND**

With regard to jurisdiction, plaintiff's complaint alleges diversity: plaintiff is a resident of New York and defendant is a foreign corporation, based in Delaware, with a place of business in this jurisdiction. (Compl. ¶ 2.) The amount in controversy exceeds $75,000, thus meeting the jurisdictional requirements.[1]

At some time prior to 2000, defendant entered into a contract with plaintiff for a promotional program called T3. (Compl. ¶ 6.) The requirements of the T3 program included the following:

> "Dealer[2] shall incorporate into its retail business, the T3 Private Brand Retail Credit Card Program";
>
> "Dealer shall actively participate in all required T3 Certified Tire Center programs that are offered by Tire Centers and shall have the right to participate in optional programs"; and
>
> "Dealer agrees to pay Tire Centers certain sums intended to cover a portion of the Tire Center[']s costs in implementing the T3 program."

(Compl. ¶ 7.) On March 27, 2003, defendant discontinued use of the credit cards, issued by Household Finance, and removed plaintiff's Household Finance credit card machine, stating that it would be replaced[3] by a GE Capital Corporation-issued credit card machine. Then, in 2004 (the month is not identified in the complaint), plaintiff was informed (evidently

---

[1] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between– (1) Citizens of different States. . . ." 28 U.S.C. § 1332(a)(2) (2005).

[2] The complaint does not identify who the "Dealer" is, but the Court will presume that it was plaintiff. The complaint also does not identify the source of this quoted language, other than to refer generally to a contract between plaintiff and defendant.

[3] In the complaint at paragraph 9, plaintiff states that a representative of defendant's assured him that his credit card machine would be replaced, but in the next paragraph, states, without further explanation, "the discontinuance of the Household Finance credit card machine was undertaken without any assurance that [plaintiff] would be provided another machine." (Compl. ¶ 10.)

by defendant) that his credit card machine would not be replaced. (Compl. ¶ 11.) Plaintiff also states he was not timely provided with promotional materials as required by the contract, and was, as a result, forced to purchase promotional material at his own expense. (Compl. ¶ 12.) Notwithstanding defendant's breaches, plaintiff was still obligated to pay $100 per month for the entire period of the contract. (Compl. ¶ 14.) Plaintiff terminated the contract in June 2004. (Compl. ¶ 13.)

The complaint raises four claims for relief: breach of contract; negligence; fraud; and unjust enrichment. Defendant moves to dismiss all but the breach of contract claim, arguing that all of plaintiff's causes of action sound in contract only.

## STANDARDS OF LAW

In deciding a motion to dismiss pursuant to Rule 12(b)(6), well-pleaded factual allegations of the complaint must be accepted as true. *See e.g., Square D Co. v. Niagara Frontier Tariff Bureau*, 476 U.S. 409, 411 (1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering such motions, the Court must read the complaint liberally, drawing all inferences in favor of the pleader. *Conley*, 355 U.S. at 45-46. The motion to dismiss should be denied "unless it appears to a certainty that a plaintiff can prove no set of facts entitling him to relief." *Ryder Energy Dist. Corp. v. Merrill Lynch Commodities*, 748 F.2d 774, 779 (2d Cir. 1984). Despite the liberality of this standard, only the "well-pleaded" factual allegations will be taken as true. *Papasan v. Allain*, 478 U.S. 265, 283 (1986); *Haviland v. J. Aron & Co.*, 796 F. Supp. 95, 97 (S.D.N.Y. 1992), *aff'd*, 986 F.2d 499 (1992). Conclusory statements that fail to give notice of the basic events of which the plaintiff complains need not be credited by the Court. *Haviland*, 796 F. Supp. at 97; *Duncan v. AT & T Communications*, 668 F. Supp. 232,

234 (S.D.N.Y. 1987) (citing Barr v. Abrams, 810 F.2d 358, 363 (2d Cir.1987)).

## DISCUSSION

As mentioned above, defendant argues that plaintiff's claims arise only in contract, that his assertion of causes of action for negligence and fraud is improper, and his cause of action for unjust enrichment is duplicative of his contract claim. The Court agrees.

First, regarding the neglience claim,

> [i]t is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract.

*Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 389 (1987) (citations omitted).[4] Plaintiff's complaint fails to plead any such duty. In fact, it refers only to defendant's obligations under the contract and a representation that the removed credit card machine would be replaced. (Compl. ¶¶ 7, 9.) Neither in the factual recitation, nor elsewhere in the complaint, is there any reference to duties independent of the contract.

Second, the fraud claim does not meet the pleading requirements in the Federal Rules of Civil Procedure, which require that, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). In his complaint, plaintiff claims that "[t]he acceptance of plaintiff's money, without providing the services *which were contracted for*, was done intentionally and with intent to defraud the plaintiff." (Compl. ¶ 24 (emphasis added).) Moreover, plaintiff's allegations do not meet the requirements for a cause of action sounding in fraud:

---

[4] A federal court must apply the substantive law of the state in which the court sits in cases of diversity. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1937). Neither party has alleged a choice of forum or choice of law provision exists in the contract at issue in this litigation.

> The essential elements of a cause of action for fraud are "representation of a material existing fact, falsity, scienter, deception and injury" (*Channel Master Corp. v. Aluminium Ltd. Sales Corp.*, 4 N.Y.2d [403] at 407 [1958], *supra*). At the very threshold, then, plaintiff must allege a misrepresentation or material omission by defendant, on which it relied, that induced plaintiff to purchase the policy of insurance. General allegations that defendant entered into a contract while lacking the intent to perform it are insufficient to support the claim.

*New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 318 (1995) (some citations omitted). Plaintiff's fraud claim amounts to no more than a general allegation that defendant entered into the contract without an intent to perform.

Finally, defendant moves to dismiss plaintiff's unjust enrichment claim on the ground that "plaintiff is not entitled to recover in quasi-contract when an express written agreement governs the obligations of the parties, and where plaintiff has asserted a cause of action for breach of that express written agreement." (Def.'s Mem. of Law at 7.) New York law is clear that, "[a] claim for unjust enrichment, or quasi contract, may not be maintained where a contract exists between the parties covering the same subject matter." *Goldstein v. CIBC World Mkts. Corp.*, 6 A.D.3d 295, 296 (N.Y. App. Div. 2004) (citing Clark-Fitzpatrick, 70 N.Y.2d 382, 388). The complaint clearly relies on a written contract, portions of which it quotes, leading the Court to conclude that plaintiff is not entitled to recover on a theory of unjust enrichment on the basis of a breach of a written contract.

Significantly, although plaintiff alleges that defendant had an independent duty separate and apart from the duties defined in the contract, he also concedes that the complaint did not specifically plead that. (Pl.'s Mem. of Law at 5.) Apparently, counsel is relying on Federal Rule of Civil Procedure 56(f) to argue that the Court should deny defendant's motion to dismiss to allow discovery on the other causes of action. (*See* Pl.'s Mem. of Law at 4 ("[p]laintiff … respectfully requests that this Court deny defendant's

motion at this time due to a complete lack of discovery."); 5 ("clear breach of the independent duty of good faith and fair dealing that should withstand this motion, thereby allowing discovery in this area."); 6 ("Court should not grant defendant's Motion to Dismiss Count IV … due to the lack of discovery in the present case.").) However, the Court has not converted this motion, *see* FED. R. CIV. P. 12(b) (converting a motion to dismiss to one for summary judgment), and plaintiff has cited no authority requiring the Court to deny a motion to dismiss solely on the ground that discovery is not complete, *c.f.* FED. R. CIV. P. 56(f) (court may stay consideration of a motion for summary judgment to allow discovery if party opposing motion cannot obtain affidavits of essential facts).

Having taken as true all the factual allegations in plaintiff's complaint, the Court finds that it appears to a certainty that he can prove no set of facts entitling him to relief on his claims for negligence, fraud and unjust enrichment.

## CONCLUSION

In light of the above, the Court grants defendant's motion (# 4) to dismiss counts II (negligence cause of action), III (fraud cause of action) and IV (unjust enrichment cause of action) of the complaint. Defendant is directed to file an answer to the complaint within twenty days of the filing date of this Decision and Order.

It Is So Ordered.

DATED:   Rochester, NY
         September 19, 2005

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge